NO. 07-05-0469-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 21, 2007
                                       ______________________________

EFREN ZUNIGA, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 51,621-E; HONORABLE ABE LOPEZ, JUDGE
_______________________________


Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
MEMORANDUM OPINION
          Appellant Efren Zuniga, Jr., was charged with driving while intoxicated, enhanced
by prior convictions, following a motor vehicle accident. A jury convicted him of the offense
and assessed punishment at twenty years confinement in the Texas Department of
Corrections Institutional Division. Contending the evidence supporting his conviction was
factually insufficient, appellant appeals. We will affirm. 
          At around 1:30 a.m. on April 11, 2005, Amarillo police, fire and emergency medical
personnel were dispatched to a one-car motor vehicle accident in the eastbound lane of
Interstate 40 in Amarillo. At the scene, the response personnel found a heavily damaged
automobile resting in the left hand, eastbound, lane along the concrete median divider. It
appeared the vehicle struck the divider, changed direction, and then came to rest
approximately fifty feet from the point of impact. The vehicle was not occupied.
          As he arrived at the accident scene, Amarillo Police Department Officer Steven
Williams noticed bystanders, later identified as Bryan Burney, Jason Puckett, and a female
believed to be the wife of Puckett or Burney, standing on the grassy median near the
accident location waving and gesturing. The three bystanders spoke over one another as
they tried to direct Officer Williams to the driver of the accident vehicle. 
          Police and EMS encountered appellant in a nearby used car lot. Appellant
presented with a significant scalp wound, lacerations, and blood on his face. They noted
on appellant the smell of an alcoholic beverage and he exhibited slurred and incoherent
speech and bloodshot, glassy eyes. With concern for a possibly serious head injury, EMS
personnel rapidly transported appellant to a local hospital. A sample of appellant’s blood
drawn at the hospital revealed a blood alcohol concentration of 0.34. 
          Appellant was arrested and indicted for driving while intoxicated. A jury found him
guilty of this offense and, finding prior like convictions, set his punishment at twenty years
confinement in the Institutional Division of the Texas Department of Corrections. Appellant
timely appealed.
          In his sole issue, appellant contends:
The evidence was factually insufficient to allow for a conviction of driving
while intoxicated because the State failed to prove the element of Appellant’s
driving without the use of improperly admitted hearsay evidence.
          We must note at the outset that appellant’s issue is multifarious. A multifarious
issue is one that embraces more than one specific ground. Stults v. State, 23 S.W.3d 198,
205 (Tex.App.–Houston [14th Dist.] 2000, pet. ref'd). By combining more than one
contention in a single issue, an appellant risks the court finding that nothing is presented
for review. Id. Yet, an appellate court may address a multifarious issue that is sufficiently
developed in the brief. Foster v. State, 101 S.W.3d 490, 499 (Tex.App.–Houston [1st Dist.]
2002, no pet.). We will address appellant’s contentions, first considering his argument that
the court erroneously admitted hearsay evidence, then his argument that factually
insufficient evidence supports his conviction. 
          In a prosecution for driving while intoxicated, the State must prove the accused was
intoxicated while operating a motor vehicle in a public place and, for enhancement, that he
had two prior driving while intoxicated convictions. See Tex. Penal Code Ann. §§ 49.04(a),
49.09(b) (Vernon 2003). 
          Appellant’s factual sufficiency argument on appeal focuses on the evidence that he
was the operator of the vehicle involved in the accident. Appellant argues the only
evidence tending to identify him as operator of the accident vehicle was Officer Williams’
hearsay testimony that bystanders at the scene reported they saw appellant “exit the
vehicle.” We disagree.
          The exchange appellant references is as follows:
Q. [Prosecutor]: Okay. And did these people indicate to you who the
driver was?
A. They said there was a–
[Defense Counsel]: Objection, Your Honor; hearsay.
 
After argument, and a bench conference concerning admissibility of the statement under
the present sense impression exception to the hearsay rule, Tex. R. Evid. 803(1), the court
overruled the objection and witness examination resumed.
Q. [Prosecutor]: Corporal Williams, what did those witnesses tell you?
A. The witnesses stated that the subject they had seen exit the vehicle
was currently over on the access road, I believe it is I-40 and Wilson. 
There’s Harbor Freight, and then there’s a small car dealership. I’m
not sure of the name of it. But they said he was by the vehicles that
were parked in the car dealership parking lot.
 
          Assuming, but without deciding, the trial court erred in allowing Officer Williams’
testimony that bystanders reportedly saw appellant exit the vehicle, such error was
harmless. "If the fact to which the hearsay relates is sufficiently proved by other competent
and unobjected to evidence, . . . the admission of the hearsay is properly deemed
harmless and does not constitute reversible error." Anderson v. State, 717 S.W.2d 622,
627 (Tex.Crim.App. 1986). Unobjected-to evidence, which we discuss below in
consideration of appellant’s factual sufficiency claim, identifies appellant as the driver of
the accident vehicle. 
          We turn to appellant’s argument that the evidence was factually insufficient to
establish him as the operator of the accident vehicle. Evidence supporting guilt may be
factually insufficient because it is so weak that the jury’s verdict seems clearly wrong and
manifestly unjust, or because evidence contrary to the verdict is such that the jury’s verdict
is against the great weight and preponderance of the evidence. Marshall v. State, 210
S.W.3d 618, 625 (Tex.Crim.App. 2006); Watson v. State, 204 S.W.3d 404, 414-15
(Tex.Crim.App. 2006). In a factual sufficiency review, we consider all the evidence, in a
neutral light, favoring neither side. Marshall, 210 S.W.3d at 625; Watson, 204 S.W.3d at
414; Clewis v. State, 922 S.W.2d 122, 134 (Tex.Crim.App. 1996). We review
circumstantial evidence by the same standard as direct evidence. King v. State, 29
S.W.3d 556, 565 (Tex.Crim.App. 2000). Although an appellate court’s authority to review
factual sufficiency permits the court to disagree with the fact finder’s determinations, the
appellate court must accord them due deference, particularly those determinations
concerning the weight and credibility of the evidence. Johnson v. State, 23 S.W.3d 1, 9
(Tex.Crim.App. 2000). Before reversing based on factual insufficiency, an appellate court
must first be able to say, with some objective basis in the record, that the great weight and
preponderance of the evidence contradicts the jury's verdict. Watson, 204 S.W.3d at 417. 
          Review of the record shows several of the State’s witnesses provided, without
objection, evidence establishing appellant as the driver of the accident vehicle at the time
of the accident. Paramedic Jason Varnon testified that when he arrived at the accident
scene he was directed to appellant. He said appellant had a significant facial wound,
lacerations, and blood on his face. When Officer Williams arrived, he encountered
bystanders who “were volunteering information as to the location of the driver of the vehicle
that they saw exit the vehicle.” Officer Pacheco arrived shortly after Officer Williams and
observed the bystanders “hollering at us and pointing to the south.” 
          Jason Puckett, one of the three bystanders, told Officer Williams that he saw the
accident through the rearview mirror of his car and returned to offer assistance. Williams
said Puckett told him he found a Hispanic male slumped over in the driver’s seat of the
accident vehicle, bleeding from the head. He attempted to keep the man from moving but
the individual climbed from the vehicle and ran to a nearby car lot. Williams said one of
the bystanders described this person as a Hispanic male, in his twenties, wearing a white
shirt and blue jeans. Williams further testified that a man fitting this description–white shirt,
blue jeans, and major head injury


–was the individual he encountered at the car lot. At
trial, he identified this man as appellant. 
          Williams also testified that his observation of the location of blood in the accident
vehicle was consistent with Puckett’s description. Photographs admitted at trial depicted
the severity of impact on the driver’s side of the vehicle, damage to its dash, blood on the
driver’s seat, and blood splatters on the passenger side. An emergency room narrative
dated April 11, 2005, states that appellant “does not remember the incident” but also
reports that appellant was the sole occupant of the accident vehicle. At trial, Williams
opined that based on his consideration of the evidence, appellant was the only occupant
of the accident vehicle.  
          Appellant called no witnesses but cross-examined the State’s witnesses and offered
photographs of appellant’s injuries and the accident scene. On cross-examination of
officer Williams, appellant developed testimony that the accident scene was dark, no one
saw appellant driving the accident vehicle, by necessity Puckett had to look back into the
headlights of appellant’s vehicle as he observed the accident, that Puckett did not have
sight of the accident vehicle at all times, and that during the time it took Puckett to return
to the scene, someone could have exited the vehicle and fled. A photograph of the
vehicle’s interior revealed a bottle of beer on the floor of the passenger side. On cross-examination of officer Pacheco, it came to light that his accident report noted appellant said
his girlfriend was in the vehicle. 
          We must afford "due deference" to a jury's determinations. Marshall, 210 S.W.3d
at 625. "Although an appellate court reviewing factual sufficiency has the ability to second-guess the jury to a limited degree, the review should still be deferential, with a high level
of skepticism about the jury's verdict required before a reversal can occur." Roberts, 220
S.W.3d at 524. Here, the jury heard the testimony, observed the demeanor of the
witnesses, and considered the documentary evidence before finding appellant guilty. We
find that the evidence establishing appellant as operator of the accident vehicle is not so
weak that the jury’s verdict seems clearly wrong and manifestly unjust, and the evidence
contrary to the verdict is not so strong that the jury’s verdict is against the great weight and
preponderance of the evidence. The evidence of appellant’s operation of the accident
vehicle was factually sufficient. 
          In his brief, appellant argues in support of his issue that the use of hearsay evidence
violates the Confrontation Clause of the Sixth Amendment to the U.S. Constitution. During
argument to the court following appellant’s hearsay objection, which is quoted above,
appellant’s counsel said to the court, “I still think it’s hearsay. I don’t have an opportunity
to cross-examine those witnesses.” We find this statement does not preserve for our
review a contention that admission of the testimony would violate appellant’s rights under
the Confrontation Clause. See Tex. R. App. P. 33.1(a)(1)(A) (objection must state grounds
"with sufficient specificity to make the trial court aware of the complaint, unless the specific
grounds were apparent from the context"); Saldano v. State, 70 S.W.3d 873, 889
(Tex.Crim.App. 2002) (failure to object in a timely and specific manner during trial forfeits
complaints about the admissibility of evidence, including constitutional errors). 
          Finding appellant’s conviction supported by factually sufficient evidence, we overrule
his sole issue and affirm the trial court’s judgment.
 
                                                                           James T. Campbell

                                                                                      Justice







Do not publish.